UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA B. SALAZAR,<br><br>  Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration,<br><br>  Defendant. | Case No. CV 05-05443-PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

Plaintiff brings this action challenging the decision by defendant Social Security Administration ("the Agency") denying her application for Supplemental Security Income benefits ("SSI"). She asks the Court to reverse the Agency's decision and remand the case to the Agency for further proceedings. For the reasons discussed below, the decision of the Agency is REVERSED, and the action is REMANDED for further proceedings consistent with this opinion.

## II.

## FACTS

A.  Plaintiff's Personal History and Work History

Plaintiff was born on December 31, 1958, and was 44 years old when she testified at the most recent administrative hearing held in this case. (Administrative Record ("AR") 66.) She completed high school, and completed some classes to become a massage therapist. (AR 401-02.) Plaintiff had numerous jobs dating back to 1979, including work as a sales clerk, restaurant hostess, YMCA counselor, credit union clerk, teacher's aid, massage therapist, medical secretary, executive secretary, and assistant apartment manager. (AR 84, 404-05.) She contends that she became unable to work due to hand pain on January 15, 1989, and due to neck pain in 1990.[1] (AR 66.)

B.  Administrative Background

1.  Prior Proceedings

This is Plaintiff's third round with the Agency. After she applied for benefits in 1997 and was denied initially and on reconsideration, she was granted a hearing before an ALJ. The ALJ denied her claim and she appealed to the Appeals Council, which sent her case back to the ALJ for a new hearing. The ALJ held a new hearing and, thereafter, denied her claim again. Plaintiff appealed

---

[1] Plaintiff worked as an assistant apartment manager after her alleged onset date, from August 1991 to June 1992. (AR 84.) Plaintiff left that position due to an unrelated incident, not her alleged disability. (AR 403.)

to the Appeals Council, again, and the Council again remanded the case to the ALJ for a new hearing.  On remand, a new ALJ was assigned to the case for a third hearing.

Plaintiff testified at that third hearing that she suffered from headaches, neck pain, right shoulder stiffness and pain going down into her right arm and hand, left arm pain, back pain, and hip pain. (AR 462-67.)  She testified that she was unable to do housework, and needed substantial help in other activities, including driving and shopping.  (AR 463.)  She also testified that her regular daily activities were significantly affected by her conditions and pain. (AR 468-70.)

Medical expert Dr. Alanson Mason testified at the hearing after reviewing the medical evidence in the record.  (AR 453-62.)  He opined that Plaintiff's reaching was restricted, finding that "she really cannot reach to even shoulder height with the right arm," and "could only use the right arm effectively at a table top height."[2] (AR 459-60.)

A vocational expert also testified.  The ALJ asked her whether Plaintiff could perform her past work assuming:

> [L]ight work generally with normal breaks.  Pushing and pulling not to exceed lifting and carrying in terms of weights and limits.  No overhead reaching bilaterally.  No above-shoulder reaching bilaterally, make that one.  No hazardous equipment, no extremes of cold, no commercial driving.  (AR 475.)

---

[2] Dr. Mason made additional findings regarding Plaintiff's residual functional capacity but they are not relevant to Plaintiff's appeal.

The vocational expert concluded that Plaintiff could perform her past work as an apartment manager with these limitations, although she could not perform her past work as an executive secretary. (AR 475.)

2.  <u>The ALJ's Decision</u>

The ALJ issued a decision denying Plaintiff's application for SSI. (AR 24-33.)  He analyzed Plaintiff's claims under the Agency's five-step evaluation process.  At step one, he found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (AR 26, 32.)  At steps two and three, he found that Plaintiff had a severe impairment or combination of impairments, but that those impairments did not meet or equal a Listing. (AR 29.) Importantly, the ALJ made the following finding of residual functional capacity:

> [Plaintiff is] able to perform light work that does not involve pushing/pulling more than 20 pounds occasionally or up to ten pounds frequently.  *[Plaintiff] is also precluded from* overhead reaching bilaterally, *reaching with the right shoulder* or being around dangerous machinery.

(AR 32 (emphasis added).)

At step four, relying on the vocational expert's testimony, the ALJ concluded that Plaintiff's impairments did not prevent her from performing her past relevant work as an assistant apartment manager. (AR 31-32.)  Accordingly, the ALJ found that Plaintiff was not disabled. (AR 33.)

## III.

## ANALYSIS

Plaintiff alleges that the ALJ erred by failing to include in the hypothetical to the vocational expert that Plaintiff was restricted

4

from all reaching with her right arm.  The Agency argues that the ALJ's finding that Plaintiff could still work was supported by substantial evidence and should be affirmed.  For the reasons set forth below, the Agency's argument is rejected and the case is remanded to the Agency for further proceedings.

A.   <u>Standard Of Review</u>

"Disability" under Agency regulations is defined as the inability to perform any substantial gainful activity due to any "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *See* 42 U.S.C. § 423(d)(1)(A).  The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or if the decision is based on legal error.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)(quoting *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).  "Substantial evidence" is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Magallanes*, 881 F.2d at 750.  It is "more than a mere scintilla but less than a preponderance."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).  This Court must uphold the ALJ's conclusion even if the evidence in the record "is susceptible to more than one rational interpretation."  *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

B.   <u>The ALJ's Failure To Include In The Hypothetical Plaintiff's Inability To Reach With Her Right Arm Requires Reversal</u>

Plaintiff argues that the ALJ's reliance on the vocational expert's opinion to conclude that Plaintiff could work was improper because the vocational expert's opinion was based on an incomplete

1  hypothetical.  (JS at 4-8.)  The Court agrees.  As set forth below,
2  because the ALJ did not include in his hypothetical the fact that
3  Plaintiff cannot reach with her right arm, his reliance on the
4  vocational expert's opinion to conclude that Plaintiff could still
5  perform her past work requires reversal.
6     An ALJ's hypothetical question to a vocational expert must
7  include all of a claimant's limitations and restrictions.  *Embrey v.*
8  *Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *see also Thomas v. Barnhart*,
9  278 F.3d 947, 956 (9th Cir. 2002)(cautioning that, "[i]n order for the
10 testimony of a vocational expert to be considered reliable, the
11 hypothetical posed must include all of the claimant's functional
12 limitations, both physical and mental[,] supported by the
13 record")(citation and internal quotation marks omitted).  If it does
14 not, the vocational expert's opinion has no evidentiary value and the
15 ALJ cannot rely on it in reaching his decision.  *Embrey v. Bowen*, 849
16 F.2d at 423.
17    The ALJ called a vocational expert to testify at the
18 administrative hearing about whether Plaintiff could work despite her
19 limitations.  In his hypothetical question to the vocational expert,
20 the ALJ asked her to assume, among other things, that Plaintiff was
21 limited to:
22    No overhead reaching bilaterally.  No above shoulder reaching,
23       bilaterally, make that one.
24 (AR 475.)
25    The vocational expert determined that with these limitations
26 Plaintiff could still perform her job as an assistant apartment
27 manager.  In his decision denying Plaintiff's SSI claim, however, the
28 ALJ concluded that Plaintiff also suffered from an additional

restriction, namely, that she could not reach with her right arm.[3] Relying on the vocational expert's opinion that Plaintiff could still perform her prior job as an assistant apartment manager--which was based on the hypothetical question that left out Plaintiff's inability to reach with her right arm--the ALJ concluded that Plaintiff could still perform this work.  This reasoning is defective because the vocational expert never offered an opinion as to whether Plaintiff could work if she could not reach with her right arm.[4]

The Agency argues that there was other evidence in the record to support the ALJ's finding.  The Court disagrees.  The ALJ relied solely on the vocational expert's opinion to conclude that Plaintiff could still perform her prior work, reasoning:

> The impartial vocational expert testified that[,] based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as apartment manager as generally performed in the national economy.

(AR 32.)

The hypothetical question the ALJ posed to the vocational expert did not include the limitation that Plaintiff could not reach with her

---

[3] Actually, the ALJ determined that Plaintiff could not reach with her right shoulder.  (AR 32.)  It is not really clear what the ALJ meant by this, since it is not possible to reach with your shoulder.  The Court and the parties have assumed that the ALJ simply made a mistake and meant to say right arm.

[4] It is important to note that Plaintiff was right-handed.  (AR 406.)  Further, although the ALJ appears to have ultimately decided that Plaintiff was restricted from only reaching with her right arm, he assumed that Plaintiff would primarily use her left arm to work. (AR 29 ("[T]he undersigned concurs with Dr. Mason's conclusion that the claimant has the residual functional capacity to perform light work with the left arm primarily."))

right arm, thus, the vocational expert's opinion had no evidentiary value. *See Embrey v. Bowen*, 849 F.2d at 423. As a result, there is no support for the ALJ's finding that Plaintiff could perform her past work, which was premised solely on the vocational expert's opinion, and remand is required.

## IV.

## CONCLUSION

For the reasons set forth above, the decision of the Agency denying Plaintiff's claim for SSI is reversed and the case is remanded to for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED:  February  13 , 2007.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SALAZAR, M 5443\Memo Opinion_Order.wpd